**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MCLP Asset Company, Inc.,

     Plaintiff

v.

Tonia McCandless; TMM Living Estate Trust, Trustee Tonia Marlice McCandless; Elk Creek Industries, LLC, et al,

     Defendants

Case No. 2:26-cv-00581-JAD-DJA

**Order Denying Motion
for Preliminary Injunction**

ECF No. 21

Plaintiff MCLP Asset Company, Inc. is the assignee of a deed of trust that secures a loan on the parcel of real property located at 107 Hidden Lake Avenue in Cold Creek, Nevada.[1] MCLP alleges that property owner Tonia McCandless recorded a fraudulent reconveyance of that deed of trust in an "attempt to hijack" the loan and "avoid the legitimate deed of trust, which she executed" along with a fraudulent mechanic's lien, so it filed this declaratory relief action for cancellation of those instruments.[2] McCandless removed this case to federal court based on diversity jurisdiction.[3] She then filed a "Verified Petition for Preliminary Injunction Quia Timet, in Personam, with Incorporated Memorandum."[4]

---

[1] ECF No. 1-1 at 3.

[2] *Id*. at 5.

[3] ECF No. 1.

[4] ECF No. 21.

But a preliminary injunction can only be granted to a party who has pled a claim,[5] and McCandless has not.  While her petition purports to seek relief against "Cross-Respondents," whom she lists as MCLP and non-parties "Shellpoint Mortgage Servicing, Inc. dba NewRez, LLC, Quality Loan Servicing Corporation, and Does 1 through 50,"[6] McCandless has not filed a counterclaim, third-party claim, or any proper pleading in which she asserts an affirmative claim.  And without a meritorious claim in a proper pleading, she cannot obtain injunctive relief.[7]

IT IS THEREFORE ORDERED that Tonia McCandless's Verified Petition for Preliminary Injunction Quia Timet, in Personam **[ECF No. 21] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
June 22, 2026

---

[5] *See, e.g.*, *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("any motion or suit for either a preliminary or permanent injunction must be based upon a cause of action, such as a constitutional violation, a trespass, or a nuisance").

[6] ECF No. 21 at 11.

[7] As the Ninth Circuit explained in *Garcia v. Google, Inc.*, likelihood of success on the merits of a claim is "a threshold inquiry." *Garcia v. Google, Inc.*, 86 F.3d 733, 740 (9th Cir. 2015).  So when the party moving for a preliminary injunction has not shown a likelihood of success on the merits of a claim, the court "need not consider" the remaining elements of injunctive relief.  *Id.* (quoting *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776–77 (9th Cir. 2011)).