**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MCLP Asset Company, Inc., | Case No. 2:26-cv-00581-JAD-DJA |
| Plaintiff | |
| v. | **Order re: Documents Improperly Sent to Judge's Chambers** |
| Tonia McCandless; TMM Living Estate Trust, Trustee Tonia Marlice McCandless; Elk Creek Industries, LLC, et al, | |
| Defendants | |

Defendant Tonia McCandless sent to the judge's chambers a packet of documents with this cover sheet indicating that the documents are for the judge's eyes only:

SPECIAL  PRIVATE  PRIORITY

Exclusive Equity

NOT FOR PUBLIC DOCKET

Private and Confidential -Private Trust Property

for Chambers Delivery and In-Chambers

Review by Judge Jennifer A. Dorsey ONLY

Not for Clerk Inspection

No Consent for Magistrate Review

**THIS IS IMPROPER.**

Local Rule IA 10-4 permits *in camera* submissions when proper procedures are followed, and those procedures include the submitting party's filing of a notice of *in camera* submission.[1] But *in camera* review is rarely appropriate because court cases are adversarial proceedings that require notice to, and an opportunity for response by, opposing parties. There is no such thing as "Special Private Priority" or "Exclusive Equity" treatment or status in this court. This packet of documents is being returned by mail to Defendant Tonia McCandless, and she is cautioned that she must not submit documents to the judge in this manner in the future.

This packet of documents also contains an "Order to Seal," signed by McCandless, which purports to require "All filings, records, and instruments relating to this trust res" to be "sealed and kept private." McCandless does not have the authority to issue an order with such instructions, and this document has no legal effect. If McCandless believes that a document submitted in this case in the future should be filed under seal, she must comply with Local Rule IA 10-5.

Similarly, the "Memorandum of Maxims Perfecting Record in Equity,"[2] "tendered under seal" was also filed in this manner without court order or an attempt to comply with Local Rule IA 10-5. This document purports to "affirm" that this case "is governed not by law, statute, code, or public process, but solely by the maxims of equity, which bind the conscience of the Court and perfect the trust in honor."[3] It further states that 23 maxims in equity "are hereby invoked as the sole interpretive and operational standard" that governs this case.[4]

---

[1] L.R. IA 10-4.

[2] ECF No. 16.

[3] *Id*. at 1.

[4] *Id*.

McCandless lacks the power to dictate what principles will govern the adjudication of this case; the established law governing cases like this one does that. So her memorandum has no legal force or effect. Furthermore, documents submitted to this court will not be—and thus should not be submitted with instructions that they may be—"viewed only in chambers, in exclusive equity."[5] The court has reviewed this submission and does not find that it warrants sealed treatment. IT IS THEREFORE ORDERED that **the Clerk of Court is directed to UNSEAL ECF No. 16.** McCandless is cautioned that future submissions under seal must be made in compliance with Local Rule 10-5.

**The Clerk of Court is further INSTRUCTED to return to Tonia McCandless the packet of documents purportedly sent to the judge "Special Private Priority."**

_____
U.S. District Judge Jennifer A. Dorsey
July 6, 2026

---

[5] *Id.*

3