# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MCLP Asset Company, Inc.,

     Plaintiff

v.

Tonia McCandless; TMM Living Estate Trust, Trustee Tonia Marlice McCandless; Elk Creek Industries, LLC, et al,

     Defendants

Case No. 2:26-cv-00581-JAD-DJA

**Order Striking Verified Sealed Cross-Bill in Equity and Denying Motion for Reconsideration**

ECF Nos. 27, 28

On 6/30/26, Defendant Tonia McCandless filed a document entitled "Verified Sealed Cross-Bill in Equity (Operative Equitable Counterclaim)."[1]  This document was filed under seal without court permission to seal it.  Additionally, a "Verified Sealed Cross-Bill in Equity" is not a recognized pleading under the modern Federal Rules of Civil Procedure (FRCP) as it has been replaced by the counterclaim.[2]  If McCandless desires to assert a counterclaim against the plaintiff, as it appears she does, she must file a proper counterclaim in compliance with FRCP 7(a) and 13 and duly serve it on counsel for the plaintiff.  Any claim for relief should also be one

---

[1] ECF No. 28.

[2] *See* Harry Emmanuel Scozzaro, Jr., *Notice Pleading Under the Federal Rules of Civil Procedure Following Swierkiewicz v. Sorema N.A.: Standing on the Shoulders of Conley and Leatherman*, 26 Am. J. Trial Advoc. 385, 407 (2002) ("Equity pleading was a forerunner to complex litigation and pleading. . . . A cross-bill in equity was used for claims between co-defendants [and] . . . was similar to modern pleading's cross-claim under Federal Rule of Civil Procedure 13.  Cross-bills in equity were also used by defendants against plaintiffs, as well as some third parties.").  This court makes no statement as to the timeliness or merit of any such claims.

currently recognized by the applicable law, not one only historically recognized by the courts of equity—which were merged into the single federal-court system long ago.[3]

McCandless is further advised that the filing of documents under seal is the exception and not the rule in this court and requires a court order.  Unless a particular court record is one "traditionally kept secret," there is a "strong presumption in favor of access" to the record.[4] Parties seeking to seal a judicial record must overcome this presumption by "articulat[ing] compelling reasons supported by specific factual findings," that outweigh the traditional right of public access to each document they seek to seal.[5]  Local Rule IA 10-5 states that documents submitted for filing under seal "must be accompanied by a motion for leave to file those documents under seal."  And a "pro se party who files a document under seal must include with the document either (i) a certificate of service certifying that the sealed document was served on the opposing attorneys or pro se parties, or (ii) an affidavit showing good cause why the document has not been served on the opposing attorneys or pro se parties."[6]  That service must be in paper form.[7]

Finally, McCandless has moved for reconsideration of this court's denial of her motion for a preliminary injunction.  That motion was denied because McCandless has pled no affirmative claims in this case upon which such relief can be founded.[8]  In her motion for reconsideration, McCandless notes that her cross-bill in equity now asserts those affirmative

---

[3] Karen L. Stevenson, James E. Fitzgerald, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial, Ch. 13-A ("Law and equity are now merged in the federal court system.").

[4] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[5] *Id.*

[6] L.R. IA 10-5(c).

[7] *See* L.R. IA 10-5(d) and IC 4-1(c).

[8] *See* ECF No. 25.

2

claims that were missing, and she asks the court to "evaluate the request upon the merits of the equitable claims asserted" in that new filing.[9]

Reconsideration is denied for two reasons. First, the court is striking the cross-bill because it is not a recognized pleading under the Rules of Civil Procedure, which apply to this action. So McCandless still has no currently pled counterclaims. Secondly, the court will not do a litigant's work for them by undertaking the task of figuring out without proper briefing from the moving party whether the high standards for relief have been met on any claim. If and when McCandless has properly pled counterclaims in this case, and she believes that she can meet the high standards for injunctive relief, she will need to file a new motion for preliminary injunction that contains a full and well-reasoned memorandum of points and authorities as this court's local rule 7-2 requires.

IT IS THEREFORE ORDERED that **the Clerk of Court is directed to STRIKE [ECF No. 28]** Defendant Tonia McCandless's Verified Sealed Cross-Bill in Equity (Operative Equitable Counterclaim) from the record without prejudice to McCandless's ability to file a proper counterclaim in the format and method permitted by the Federal Rules of Civil Procedure and this district's local rules. McCandless is cautioned that future documents filed under seal and without compliance with the rules of this court will be stricken from the record without prior notice or opportunity to cure.

IT IS FURTHER ORDERED that McCandless's motion for reconsideration **[ECF No. 27] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
July 8, 2026

_____

[9] ECF No. 27.