**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MCLP Asset Company, Inc.,

Plaintiff

v.

Tonia McCandless, et al.,

Defendants

ALL OTHER PARTIES AND CLAIMS

Case No. 2:26-cv-00581-JAD-DJA

**Order Denying Request for Special Cause, Ex Parte, In Camera, and Under Seal Treatment**

ECF No. 48

This case began as a declaratory-relief action by the holder of the deed of trust securing a mortgage on Tonia McCandless's property, seeking to cancel allegedly fraudulent recorded instruments.[1] McCandless then filed a counterclaim seeking a host of her own relief.[2] Numerous dispositive motions are pending.

On November 12, 2026, the court received from McCandless a submission directed to "the Honorable Jennifer A. Dorsey, at chambers" and which purports to be submitted "Special Cause, Ex Parte, In Camera, and Under Seal."[3] The documents included in the package include a "Motion for Leave to Enter into the Original Exclusive Jurisdiction in Equity and to Present the Beneficiary's Private Trust Evidence at Chambers, Under Seal."[4] This includes requests for me "as Chancellor," to "receive [her] private trust instruments, their private records which also hold

[1] ECF No. 1-1.

[2] ECF No. 31.

[3] ECF No. 48.

[4] *Id.*

private property unrelated to this matter, and Private Bill in Equity, at chambers, ex parte and under seal, and inspect them in [my] inherent authority acting as Chancellor in that jurisdiction."[5] McCandless further seeks the court's "immediate protection from all acts causing present and ongoing peri of trespass and harm to private trust estate and request[s] the court hold all proceedings in abeyance pending" an accounting. And she wants "a hearing with the judge in private chambers to enter the private, proprietary evidence in support of the suit."[6]

**This is not a thing.**

The types of relief and treatment that McCandless is requesting in these documents are not available from this court.[7] The judge is not a "Chancellor." This is public proceeding, and the sealing and review of documents in camera is a narrow exception to the public's right of access to court documents.[8] Parties seeking to seal a judicial record must overcome a "strong presumption in favor of access" by "articulat[ing] compelling reasons supported by specific factual findings" that outweigh the traditional right of public access to each document they seek to seal.[9] While this court's rules, including Local Rules IA 7-2, 10-4, and 10-5, prescribe procedures for asking the court to seal or consider a filing in camera, nothing in these submissions merits keeping them private. And the judges of this court do not hold hearings with litigants in private chambers to receive privately submitted evidence. This case will be litigated

---

[5] *Id*. at 1.

[6] ECF No. 48-2 at 1.

[7] McCandless has been previously admonished about such requests in 2:25-ms-00072-APG.

[8] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[9] *Id*.

in the courtroom, in public, with publicly filed submissions. If McCandless desires a private forum, this court is not it.

IT IS THEREFORE ORDERED that McCandless's requests **[ECF No. 48] are DENIED,** and **the Clerk of Court is directed to UNSEAL all entries at ECF No. 48** because no rule or law justifies sealing or *in camera* treatment. **McCandless is cautioned that she must not submit documents or filings to the judge directly unless she receives express, written permission from the court before doing so.** Documents related to this case must be submitted to the Clerk of Court for filing in accordance with the rules of this court.

U.S. District Judge Jennifer A. Dorsey
November 16, 2026